## GIVENS vs. EASLEY.

1. The lien of a landlord for rent extends to the entire crop raised on the rented premises, whether by the tenant or one let in under him.
2. The mere fact that the sheriff, after levying on a sufficiency of the crop of the tenant to satisfy the rent, suffers him to retain and dispose of it, does not render him liable in trover to the under-tenant for a subsequent seizure and sale of the crop, which he may have raised on the rented premises.

Error to the Circuit Court of Talladega. Tried before the Hon. N. Cook.

This was an action of trover brought by the plaintiff in error against the defendant for the conversion of about seven hundred bushels of corn. On the trial it appeared that one Penn in the year 1845 rented land to one McKune, who under-let a part of it to the plaintiff; that McKune and the plaintiff both raised crops on it; that the corn raised by the plaintiff was removed from the premises before the rent was paid; and that the landlord sued out an attachment for the purpose of securing his rent, which was first levied by the defendant in error on all the crop of corn and cotton raised by McKune, and afterwards on the crop of corn raised by the plaintiff. An order of sale was obtained, and the corn of the plaintiff was sold, together with the corn and cotton raised by McKune, and the whole did not bring enough to pay the rent. But it appeared in evidence that after the levy McKune's corn remained on the place, and a portion of it was used or sold to third persons between the time of the levy on it and the subsequent levy on that of the plaintiff. The evidence also tended to show that if all the corn levied on in the possession of McKune had been sold, it would have been sufficient to pay the rent. Upon these facts the court charged the jury that if they believed that the corn of the plaintiff was grown on the land rented of Penn by McKune, and was removed from the premises before the rent was paid, that it was liable to be attached to pay the rent, and that they must find for the defendant. The plaintiff then requested the court to charge the jury that if they believed that the defendant had levied the

attachment on corn and cotton of McKune's sufficient to pay
the rent before he levied on the corn of the plaintiff, and that
the corn of McKune was lost or misapplied after the levy on it,
and before the levy on the corn of the plaintiff, then the plaintiff
was entitled to recover. This charge the court refused, and
the plaintiff excepted and now assigns its ruling as error.

Nicks, for plaintiff in error:

A levy and seizure by the sheriff of goods sufficient to satisfy
an execution will, as it respects the defendant in execution, be
a satisfaction, although the goods be wasted by the sheriff.—
Campbell, use &c. v. Spence et al, 4 Ala. Rep. 543. Such
levy will be a satisfaction, as to the vested rights of third per-
sons, although the goods be wasted by the sheriff or strangers,
or the family of the defendant.

The face of the process is the sheriff's authority—his com-
mission; he cannot go beyond it. Admit that Penn under the
statute might rightfully have sued out an attachment for *all* the
crop grown on the rented land, still his rights and the power
confered on the sheriff by the process actually sued out may be
materially different. The process commanded "that you attach
*so much of the crop* as was grown on the said rented land * * *
as *shall be of value sufficient to satisfy the said debt and costs ac-
cording to the complaint,*" &c. If the levies of the 5th and 11th
of December were of "value sufficient to satisfy the debt and
costs according to the complaint," they were a satisfaction in
fact, as respects Givens' rights, and the levy of the 27th De-
cember on his corn at the "Abercrombie Place" was unau-
thorised.

Rice & White, for the defendant:

1. The action of trover will not lie against a sheriff who takes
property into his possession under a valid legal process.—Stew-
art v. Ray, 4 Ired. 269. This case is stronger, for here the at-
tachment directs the sheriff to take the very property which he
attached under the process.

2. Givens cannot set up that the levy of the attachment on
McKune's corn and cotton satisfied the attachment. The whole
crop was liable to pay the rent of the land, and the lien could
not be destroyed by the removal of the crop from the premises;

and Givens never had such a property in the corn as would support an action of trover against the landlord.

3. The corn and cotton first levied on was destroyed or sold by McKune's wife and children; but the charge refused made the question the same, whether lost, destroyed or sold.—See Curry v. The Bank, 13 Ala., and authorities there cited.

DARGAN, C. J.—It cannot be denied but that the corn raised by the plaintiff was liable to pay the rent due the landlord. The act of 1821, as well as the act of 1843, prohibits the removal of the crop grown on rented land until the rent is paid. These statutes create a lien on the crop to secure the rent, which may be enforced by attachment if the crop be removed or be about to be removed from off the demised premises before the rent is paid.—Clay's Dig. 506. But it is insisted that the sheriff levied on more than was sufficient to pay the rent, and from his neglect McKune, the tenant, was permitted to use or dispose of a part of the corn raised by him on the premises after the levy of the attachment, in consequence of which it became necessary to sell the corn of the plaintiff. The answer to this is, that all the corn was liable to pay the rent, without regard to the question of ownership between the tenant and the plaintiff. The sheriff might have levied on all or any portion of it, and if he sold no more than was necessary to pay the rent and returned the balance, he could not be sued in trover. Indeed he incurred no liability, unless he could be made liable for an excessive levy. But we will not inquire under what circumstances a sheriff will be held liable for an injury resulting from an excessive levy, or what would be the proper remedy for such an injury, if the sheriff only sold enough of the goods to satisfy the debt; for in the case before us, although the sheriff may have levied on more than enough to pay the rent, yet no more was actually removed or sold by him than was sufficient for that purpose. That McKune used or disposed of a part of his corn levied on, which was left by the sheriff on the premises, cannot give the plaintiff a right of action against the sheriff, for the corn of the plaintiff was liable for the rent, and no part of it was satisfied or discharged until the corn was sold. That McKune may have used or disposed of a part of the crop after the levy was made could work no satisfaction of any part

of the rent; the whole was due when the crop was sold, and no more was sold·than was sufficient to pay it. There is no error in the judgment, and it must be affirmed.

CHILTON, J., not sitting.