## SIMMONS *vs.* FIELDER & SESSIONS.

[ATTACHMENT FOR RENT BY ASSIGNEE OF LANDLORD AGAINST SUB-TENANT.]

1. *Lien on crop for rent, when vendee has.*—The purchaser of rented land who takes an assignment of the contract of rent, has a lien on all the crops grown on the rented land for the current year, by whomsoever made, whether by tenant or under-tenant.
2. *Same; how enforced.*—This lien may be enforced by process of attachment against the tenant, when the covenant or agreement of lease runs with the land, or when the lease has been assigned to the purchaser.
3. *Same; when can not be enforced.*—But it can not be enforced against the under-tenant by suit against him, founded on the contract of rent made by the tenant with the landlord before the sale.
4. *Same; how enforced by vendee against under-tenant.*—If the under-tenant is sued, he must be proceeded against on his contract with the tenant, and the purchaser must show that the same has been transferred or assigned to him. It does not pass by operation of law upon the sale of the premises to the purchaser.

APPEAL from Circuit Court of Bullock.
Tried before Hon. J. McCALEB WILEY.

This is is an action for rent, commenced by attachment, in the names of the assignees of the landlord against the under-tenant of the lessees. The facts may be briefly stated as follows: In December, 1866, Briers, the owner of a tract of land in this State, rented the same to Scott & Sanders for one year, by contract in writing. And Scott & Sanders sub-let a part of the same land to Simmons, the appellant, who was the defendant in attachment in the court below. After this, and before the termination of the year for which Scott & Sanders had rented said land, Briers sold said land to Fielder & Sessions, and assigned to them the contract of Scott & Sanders for the payment of the rent to him, as above said. But there was nothing done as to the contract of Simmons for payment of the rent on the land sub-let to him by Scott & Sanders. So far as the proofs show, this was left as it was made. Scott

& Sanders were not sued in this action, and there was no evidence that Simmons' contract for rent had been assigned or transferred to the plaintiffs below. On the trial there was a judgment against Simmons for $189.08, beside costs. From this judgment Simmons appeals to this court.

STONE, CLOPTON & CLANTON, for appellants.
WOOD & SEALS, and ARRINGTON, *contra.*

(No briefs came into the hands of the Reporter.)

PETERS, J.—At common law, the rights and liabilities of landlord and tenant are not confined to the immediate parties to the contract of lease; but they attach to the persons to whom the estate may be transmitted or who may succeed to the possession of the premises, either as landlord or tenant. This rests upon the principle of the privity of estate, which is incident to the relation of landlord and tenant. It is said that the land itself is the principal debtor, and the owner is the creditor, and the agreement to pay rent is a mere incident of this relation. The liability to pay rent, therefore, follows the land, upon which it is chargeable, into the hands of the assignee; and he takes the land with all the advantages to be derived from the agreement of the grantor concerning it, and he assumes all the burdens resulting from the covenants or agreements of the grantee.—*Van Renssalaer v. Bonesteel*, 24 Barb. 365; *Norman v. Wells*, 17 Wend. 145; Taylor, Landlord and Tenant, §§ 260, 261. But this rule only applies to parties who are the landlord and the tenant. But it does not apply to an under-tenant, or the tenant of a tenant. The under-tenant incurs no responsibility to the landlord of the tenant, except that imposed by the statute of "attachment for rent;" which makes all the crops grown on rented land liable for the rent for the current year. This liability may be enforced by attachment or by execution against the tenant. But neither the tenant nor the under-tenant is subject to be sued, except on his own contract. Generally, the tenant's contract passes by operation of law to the

assignee of the land, and suit may be instituted on it by the assignee of the land against the tenant for this reason. But this is not the case with the contract of the under-tenant. There is no privity of contract between the under-tenant and the landlord of the tenant or his assignee. And before the landlord can sue the under-tenant on his contract of rent, it must be transferred or assigned to him by the tenant, so as to make him the party really interested therein.—Rev. Code, §§ 1838, 2523, 2961 ; Taylor, Landlord and Tenant, § 448; *Quackenboss v. Clark*, 12 Wend. 555 ; *Webb v. Russell*, 3 Tenn. R. 393 ; *Demarest v. Willard*, 8 Conn. 206 ; 1 Saunders, 140*a* ; *Henley v. Bush*, 33 Ala. 636.

Notwithstanding this, there can be no doubt that the landlord or his assignee, who stands in his shoes, has a lien on all the crop grown on rented land, for rent, for the current year, whether such crops are made by the tenant or the under-tenant or by a trespasser, and he is entitled to process of attachment for the recovery of the same. But the attachment must be issued against the tenant, and not against the under-tenant, unless the contract for rent of the under-tenant has been assigned or transferred to the plaintiff.—Rev. Code, §§ 2961, 2963, 1838; *Givens v. Easley*, 17 Ala. 385; *Hadden's Ex'r v. Powell*, 17 Ala. 314; *S. C.* 21 Ala. 745.

The evidence offered to the jury, on the trial below, does not prove the case alleged in the complaint. The court therefore erred in charging the jury, if they believed the evidence, they must find for the plaintiffs. The charge should have been just the reverse.

Let the judgment of the court below be reversed and the cause remanded.