# Wilson & Son *v.* Curry.

*Trespass and Trover.*

(Decided Jan. 14th, 1907. 42 So. Rep. 753.)

1. *Chattel Mortgage; Right of Mortgagee before Maturity; Trover and Trespass.*—A chattel mortgagee cannot maintain an action for conversion or for trespass against the mortgage property, by a third person, before maturity of the mortgage where he has no right of possession to the property before default in the mortgage.
2. *Same.*—The equity of a chattel martgagor being subject to execution or attachment, and the officer having an exclusive right of possession and the right to remove the property from the debtor's premises, the plaintiff in execution or attachment cannot be made liable for trespass or trover in taking the property under either process.

[Wilson & Son v. Curry.]

3. *Trover and Conversion; Detention of Property; Necessity for Demand.*—In the absence of a demand for the delivery of the property, the officer's retention of its possession was not a conversion, where the property taken by the officer under execution was released, and the mortgagor notified thereof.

4. *Landlord and Tenant; Lien for Rent; Superiority over Chattel Mortgage.*—The lien for rent of the landlord and his assignee on a crop raised in the current year, is superior to that of a mortgagee under Sections 2703-06, Code 1896, and the landlord and his assignee are not restricted to any particular portion of the crop for the enforcement of their lien.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Action by Joe Curry against J. C. Wilson & Son. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

This was an action, joining trover, trespass, and case, for the conversion of certain crops, for the taking of the same, and for the destruction of a mortgage lien. Numerous pleas were filed, and demurrers interposed, but it is unnecessary to set them out at length. Harrison Goodson gave Joe Curry two mortgages upon his crop and a mule, one due November 1, 1904, and the other due November 15, 1904, and upon this title Curry bases his claim to maintain the action in its three aspects. The suit was filed November 19, 1904, and service perfected on November 28, 1904. It appears that J. C. Wilson and J. H. Wilson recovered a waive jujdgment in the Talladega circuit court against Harrison Goodson for the sum of $294.98, on July 27, 1903, and had the same duly recorded in the office of the judge of probate of Talladega county, and on September 29, 1904, procured execution to issue thereon, and on the 5th day of October, 1904, this execution was levied upon certain property the crops and mule mentioned in the complaint. It also appeared that Harrison Goodson rented the land upon which these crops were grown from one Green Dye for the year 1904, and gave Dye a rent note for 400 pounds of lint cotton. This note was transferred by Dye to Vane, and by Vane to the appellants

24

here. The property, when levied on under the execution, was in the possession of Harrison Goodson, and was taken by the deputy sheriff to the warehouse of appellants, after the seed cotton had been ginned. The seed were left at the gin. The cotton seed and the mule, together with a few bundles of fodder, were released from the levy, and were never disposed of by the officer or these appellants. The rent note was enforced by attachment levied November 1, 1904, on certain cotton in the seed.

WHITSON & DYER, for appellant.—The property was in the rightful possession of Harrison Goodson, the defendant in execution and was subject to levy and sale. The test of the liability is whether or not an attempt is made at the sale to sell the entire interest in the property—the interest of the complaining one as well as that of the defendant in execution.—*Hopkinson v. Shelton,* 37 Ala. 310; *Bolling v. Kirby,* 90 Ala. 222. The equity of redemption was capable of being levied upon and sold.—*Bingham v. Vandergrift,* 93 Ala. 283. The lien for rent extended to the entire crop and neither the tenant or his mortgagee had any right to claim that it be restricted to any part of the crop.—*Givens v. Easley,* 17 Ala. 285; *Couch v. Davidson,* 109 Ala. 313; *Andrews Mfg. Co. v. Porter,* 112 Ala. 385.

KNOX, DIXON & BURR, for appellee.—Justification under legal process must be made by special plea.—*Harrison v. Davis,* 2 Stewart, p. 350; *Daniel v. Hardwick,* 88 Ala. 557; *Fields v. Bryce,* 108 Ala. 32. Where the law day of a mortgage is passed without the mortgage debt being paid the mortgagee is entitled to immediate possession of the property conveyed and may maintain an action of trespass for the levy of execution against the mortgagor upon said property.—*Jordan v. Wells,* 104 Ala. 384; *Campbell v. Anderson,* 107 Ala. 656; 80 Ala. 427; 78 Ala. 180; 5 Am. St. Rep. 751; 61 Am. Dec. 480.

TYSON, J.—The plaintiff predicates his right of recovery in this case upon two certain mortgages, executed by one Harrison Goodson, conveying a mule and the

crops raised by Goodson during the year 1904. One of the mortgages was executed on February 29, 1904, to secure a debt which matured the 1st day of November, 1904. The other was executed on the 29th day of October, 1904, and secured a debt that matured on the 5th of November following. Under the mortgages the plaintiff's right of possession to the property conveyed was postponed until the maturity of the respective debts secured. It appears undisputedly from the testimony that the execution, under which the appellee acquired possession from Goodson of a portion of the property, was levied on the 5th day of October, 1904, and that the attachment writ under which he acquired the possession of the balance of the property from Goodson was levied on the 1st day of November, 1904. If it be conceded that the taking of the property was wrongful, and, therefore, constituted a trespass or conversion, the plaintiff, having no right to its possession at that time, cannot recover under the counts of his complaint in trespass and trover.—*Johnson v. Wilson*, 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52; *Heflin v. Slay*, 78 Ala. 180.

But, aside and independent of this consideration, under the testimony upon which the trial was had, no recovery could be had under either of these counts. The property levied on under the execution was in the possession of the mortgagor. He had an equity of redemption in it that was subject to levy and sale under the execution.—Section 189, Code 1896. The officer, executing the process of execution, therefore, had the right to the exclusive possession of the property and to remove it from the premises of the debtor.—*Andrews v. Keeth*, 34 Ala. 722; 11 Ency. of Law (2d Ed.) p. 658. His act of taking and removal, being lawful, could not be tortious, and ,therefore, could not be made the predicate for a recovery in trespass and trover. For like reason, his act in executing the process of attachment was not wrongful. And clearly, if the officer levying these processes would not be liable in trespass or trover, these defendants would not be.

Are the defendants liable under the counts of the complaint in case? It is alleged in each of them that

the property was converted by defendants to their own use, and on account of this conversion plaintiff has lost his lien. It was shown that all the property that was taken by the officer, not condemned in the attachment proceeding for rent of the land, was released from the levy of the execution, and the defendant in execution notified of it. In other words, no sale was made under the execution. But it may be said that it was the duty of the officer, upon the release of the levy, to have restored the property to the defendant in execution. This may be conceded, and yet it is not perceivable how his failure to do so was such a conversion as to destroy the plaintiff's lien, or for that matter, a conversion at all, in the absence of a refusal to deliver to plaintiff upon demand. The possession having been acquired lawfully, in order to make his detention wrongful there must be a demand.—*Boutwell v. Parker*, 124 Ala. 341, 27 South. 309. Furthermore, a mere nonfeasance or neglect of legal duty is not a conversion.—*Bolling v. Kirby*, 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789. It was shown that upon the release of the levy the property was offered to the defendant in execution from whose possession it was taken, and that he refused to accept it. In its then status there was no greater obstacle in the way of plaintiff enforcing his lien under his mortgage than there would have been had the defendant in execution accepted it, or had the property never been levied on at all. As to the property condemned and sold in the attachment proceeding for the rent of the land upon which the crops were raised, we need only to call attention to the fact that plaintiff's lien upon this property was subordinate to the one enforced by that proceeding.—Sections 2703, 2706, Code 1896. Nor was the attaching landlord restricted in the enforcement of his lien to any particular portion of the crop.—*Givens v. Easley*, 17 Ala. 385; *Couch v. Davidson*, 109 Ala. 313, 19 South. 507; *Andrews Mfg. Co. v. Porter*, 112 Ala. 381, 20 South. 475. It is entirely clear to us, under the evidence admitted by the court, the case being tried without a jury, that a judgment should have been rendered for defendants.

[Farrow v. Wooley & Jordan.]

We have not noticed the rulings of the court in sustaining demurrers to defendant's special pleas, since, after eliminating the pleas, all testimony admissible under them was admitted in evidence. Proceeding to render the judgment which the trial court should have rendered, one will be here entered for defendants.—Acts 1894-95, p. 1225.

Reversed and rendered.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.