18 So.2d 577

## MOORE v. STEPHENS.

### 4 Div. 820.

Court of Appeals of Alabama.

May 16, 1944.

Rehearing Denied June 6, 1944.

W. L. Lee and Alto V. Lee, both of Dothan, for appellant.

L. A. Farmer and J. N. Mullins, of Dothan, for appellee.

BRICKEN, Presiding Judge.

Mrs. Mary Stephens died intestate in Houston County, Alabama, on March 7, 1942. Three or four days after she died her children met and made a division of her personal property consisting of furniture and household goods. The property was divided into eight lots numbered 1 to 8, inclusive. Each child drew a lot and received the property in the lot drawn.

Alma Moore, appellant, one of the daughters, went into possession of the property she drew at that time.

About nine months later and on, towit, the 21st day of December, 1942, Harris Stephens, appellee, a son of the deceased, was appointed administrator of the estate of Mrs. Mary Stephens by the Probate Judge of Houston County, and on, towit, the 22d day of December, 1942, without making any demand of any kind on Alma Moore for the property that she received in the division, Harris Stephens, as administrator of the estate of Mrs. Mary Stephens, filed suit in the circuit court of Houston County against Alma Moore for $200 damages for the conversion of one lot of household and kitchen furniture she received in the division.

Plaintiff testified that as an heir of the estate he participated in the division of the personal property and that he received his share of the personal property and swapped some of it for chickens.

There was no administration on the estate of the deceased at the time the division was made.

The court below gave the affirmative charge for the defendant and a verdict was returned in favor of the defendant. The plaintiff thereafter made a motion for a new trial. The motion was granted, and from that order the defendant brings the case here by appeal to review that ruling.

It is true that the distributees or legatees of a decedent have no title to the assets and are not appointed by law to demand or receive them; all their interest is secondary and is capable of conversion into unqualified ownership, only through process of administration. Brown v. Copeland, 206 Ala. 124, 89 So. 274.

It is also true that the wrongful assumption or dominion of property of another in subversion and denial of his rights constitutes a conversion of such property irrespective of whether there was a demand made for the surrender and a refusal to surrender said property. Meador v. Evans, 188 Ala. 229, 66 So. 446.

We also find the law to be that every unlawful intermeddling with the goods of another is a conversion, and it is no defense to an action by the true owner that the person so receiving the goods was ignorant of its title. Geneva Gin & Storage Co. v. Rawls, 240 Ala. 320, 199 So. 734.

The controlling question in this case is whether the administrator was required to make a demand for the property before instituting suit. The title of the representative relates back to the death of the decedent. But this rule does not solve the problem for us.

We are of the opinion that there was nothing wrongful either in morals or in law in the children of the deceased getting together and attempting a division of the furniture and effects of the decedent in the absence of knowledge that she owed debts, and that administration on her estate was necessary.

The record does not show that the children had such knowledge at the time, and we cannot assume they were acting in bad faith.

We are further of the opinion that after the administrator was appointed he had the right to elect to ratify the division that was made by the heirs and pay debts against the estate otherwise than by resorting to household effects, or disaffirm it and reclaim the property, and the administrator being cognizant of the division that was made, the heirs had a right to assume that the administrator approved the division that was made until the administrator gave notice of an intention to disapprove the same. It was, therefore, necessary for the administrator to make demand for the chattels alleged to have been converted before he could recover in an action for conversion. Wilson & Son v. Curry, 149 Ala. 368, 42 So. 753; King v. Franklin, 132 Ala. 559, 31 So. 467.

The order granting the motion for a new trial is reversed and the cause remanded.

Reversed and remanded.