Plaintiff sued defendant for alleged defects in the construction of plaintiff's house. Defendant appeals from a jury verdict in the amount of $7,500 and from a denial of a motion for judgment notwithstanding the verdict or in the alternative for a new trial.
The dispositive issue is whether the evidence supports the verdict. We find it does and affirm.
At the trial of the case, evidence was adduced which tended to reveal several defects in construction. Among these was a problem with the mortar used in bricking the house which was causing it to crumble. As a consequence of this, the bricks were coming loose in certain areas.
Plaintiff called one Harry Lee who was a local contractor with eighteen years experience in the construction business. After examining the house and ascertaining that repair work was necessary, he prepared the lowest estimate of the costs involved. It was his opinion the problem was caused by an overabundance of sand in the mortar and that many, if not all, the bricks would have to be replaced. Based upon his familiarity with the cost of materials and labor in the vicinity, Lee estimated that the necessary repair work would cost $7,500.
Defendant neither challenged Mr. Lee's competency to give this testimony nor offered any evidence of its own on the costs *Page 355 
involved. After the verdict of $7,500 was returned by the jury and judgment entered, defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial on the grounds the verdict was excessive and not supported by the evidence.
Thus, as indicated above, the sole and dispositive issue is whether there is evidence to support the amount of the verdict.
It is well settled that a jury verdict is presumed correct and that it will not be disturbed unless it is clearly wrong or unjust. Nationwide Mutual Insurance Co. v. Herren, Ala.Civ.App., 362 So.2d 253, writ denied, Ala., Ex parteNationwide Mutual Insurance Co., 362 So.2d 256 (1978). This presumption of correctness is strengthened by the denial of a motion for new trial. Mobile Home Brokers v. Clark, Inc., Ala.Civ.App., 346 So.2d 1156 (1977).
When the overruled motion was made on the grounds that the verdict is excessive, we will not substitute our judgment for that of the jury and trial judge unless the amount is so excessive as to indicate passion, prejudice, corruption, or mistake on the part of the jury. AVCO Corp. v. Richardson,285 Ala. 538, 234 So.2d 556 (1970). Similarly, when the trial court refuses to grant a new trial on the ground the verdict is contrary to the evidence, we will not reverse unless after allowing all reasonable presumptions of correctness, the preponderance of the evidence is so decided as to clearly convince us that it is wrong and unjust. Walker v. Cardwell, Ala., 348 So.2d 1049 (1977).
Here, there was unobjected to, competent evidence from an experienced contractor in the community that it would cost $7,500 to repair plaintiff's home. This was the only evidence before the jury relative to the measure of damages.
Keeping in mind the above referenced standards of appellate review, there is no error sufficient to justify reversal.
Plaintiff requests this court impose sanctions against defendant for a frivolous appeal. See ARAP Rule 38. We decline to do so.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.