This is a conversion case.
C.A. Tarpley filed suit against Southeastern Machinery and Equipment Co., Inc., on October 3, 1978, claiming damages of $7,500 for the conversion of a John Deere "350" tractor. Trial was had before a jury on February 20, 1980, and a verdict was returned for Tarpley in the amount of $6,000.
Southeastern moved for judgment notwithstanding the verdict or, in the alternative, for new trial. After argument on the motion the trial court ordered a remittitur of $1,000. Tarpley filed a remittitur reducing his recovery to $5,000, and Southeastern's motion was overruled. Southeastern appeals.
There is evidence in the record as follows:
In April 1978 Tarpley purchased a John Deere "440" tractor from Southeastern. After using the tractor for a few days and finding it too small for his purposes, Tarpley returned to Southeastern and purchased a larger "350" model. After using it for half of one day, the tractor broke down. Attempts by Southeastern to repair on site failed. Tarpley transported the tractor to Southeastern for repairs. He stated he informed the manager to repair it or return his money. After a time Tarpley returned to Southeastern and became involved in an argument. The manager called the police and had him removed from the premises with direction not to return. Southeastern kept and has not returned the "350." *Page 702 
The first issue is whether the evidence supports the jury's finding that Southeastern is liable in conversion.
It is well settled that we presume a jury verdict to be correct and will not disturb that verdict unless it is clearly wrong or unjust. Freeman v. Turner, 374 So.2d 354 (Ala.Civ.App. 1979). We have reviewed the record carefully. There is much evidence which supports the finding of the jury and we will not disturb its verdict as to Southeastern's liability.
In order for there to be a conversion it must appear that a wrongful taking, detention or an illegal assumption of ownership or use of another's property has taken place. Ott v.Fox, 362 So.2d 836 (Ala. 1978). Where the original taker acquires possession of the property rightfully and has neither asserted legal title to it nor exercised dominion over it inconsistent with the rights of the owner, ordinarily a demand and refusal to deliver the property are necessary. Shriner v.Meyer, 171 Ala. 112, 55 So. 156 (1911); Russell-Vaughn Ford,Inc. v. Rouse, 281 Ala. 567, 206 So.2d 371 (1968).
Southeastern claimed legal title and no wrongful taking and that no demand was made for the return of the tractor.
There was abundant evidence presented by each side in support of legal title. The jury could properly find legal title in Tarpley from that evidence. Bazzell v. Reeves, 374 So.2d 902
(Ala.Civ.App. 1979).
A demand and refusal is but one means of proving a conversion. A demand is not necessary when there has been a wrongful taking or an exercise of dominion and control over the property inconsistent with the rights of the owner. Moore v.Stephens, 31 Ala. App. 446, 18 So.2d 577 (1944); 89 C.J.S.Trover and Conversion § 55 (1955). Assuming there was no wrongful taking (the tractor being in Southeastern's possession for repair or return), the conversion could have arisen by the exercise of dominion over the tractor by Southeastern in exclusion or defiance of Tarpley's right to possession.Carolina Casualty Insurance Co. v. Tisdale, 46 Ala. App. 50,237 So.2d 855; cert. denied, 286 Ala. 741, 237 So.2d 861 (1970). In that event no demand would be necessary.
The evidence regarding the confrontation between Tarpley and Southeastern at the time the "350" was returned is revealing. That evidence, particularly Tarpley's testimony that Southeastern "took my cat (tractor)," did not return it or his money and "run me off" at a time when the jury found he had a right to possession, was sufficient for the jury to infer exercise of dominion by Southeastern over the "350" in exclusion or defiance of Tarpley's rights. If, after allowing all reasonable presumptions and inferences as to its correctness, it is not clear that the verdict is erroneous or unjust, we cannot reverse a case on the grounds of insufficiency of the evidence to support the verdict.Midwestern Welding Co. v. Coosa Tool Die, Inc., 54 Ala. App. 159, 306 So.2d 25 (1975). There was sufficient evidence as to Tarpley's ownership and right to possession and to Southeastern's exercise of dominion over his property in exclusion or defiance of his rights to provide a scintilla of conversion. No demand and refusal were necessary. Moore v.Stephens, supra.
Was the damage award excessive?
Tarpley testified that the reasonable market value of the converted "350" was $6,000. The jury could properly consider this competent, unobjected-to evidence in fixing damages.Freeman v. Turner, supra. When a motion for a new trial is made on the grounds that the verdict is excessive and overruled, we will not substitute our judgment for that of the jury or trial judge unless the amount is so excessive as to indicate passion, prejudice, corruption or mistake. Avco Corp. v. Richardson,285 Ala. 538, 234 So.2d 556 (1970). Because the amount awarded was supported by competent evidence, we cannot say that such passion, etc., existed here. 7 A Ala. Digest, Damages, Key No. 140. No error exists as to the amount of the judgment.
The plaintiff has requested in brief that we reinstate the full amount of *Page 703 
the jury's judgment of $6,000, in spite of his acceptance of an order of remittitur. Such a request may be presented after an appeal by defendant without necessity of a cross appeal. ARCP 59 (f). Alabama Farm Bureau Casualty Insurance Co. v. Guthrie,338 So.2d 1276 (Ala. 1976).[1] The trial court ordered remittitur because it considered the jury verdict excessive by $1,000. We have found the verdict of the jury supported by legal evidence. In the absence of any indication of bias or prejudice of the jury, the trial court is not authorized to substitute its judgment for that of the jury by ordering a remittitur. Centralof Georgia Ry. Co. v. Steed, 287 Ala. 64, 248 So.2d 110 (1971). The original verdict and judgment is ordered reinstated.
AFFIRMED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.
[1] In spite of the statement in the syllabus of the case to that effect, there was no cross-appeal by plaintiff Guthrie.