HOLMES, Judge.
Plaintiffs appeal from an order granting defendant’s motion for a new trial which was granted apparently as a result of plaintiffs’ refusal to accept a remittitur.
Plaintiffs sued defendant, a building contractor, for breach of contract and breach of warranty related to construction of plaintiffs’ home. Following a trial, the jury returned a verdict in favor of plaintiffs, assessing plaintiffs’ damages at $6,000. Judgment was entered accordingly.
Defendant filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial.
The learned and distinguished trial judge, during a hearing on the motion, required a remittitur of $3,000 as a condition to the overruling of the motion for a new trial. Plaintiffs declined to accept the remittitur. The trial court granted the motion for a new trial.
On appeal, plaintiffs contend the trial court improperly conditioned its denial of a motion for a new trial upon a remittitur of the jury verdict in that there was no showing or allegation of bias, prejudice, corruption, or other improper motive of the jury.
Rule 59(f), A.R.Civ.P., states:
“(f) Remittitur. The court may, on motion for new trial, require a remittitur as a condition to the overruling of the motion for new trial; and, the acceptance of such remittitur by the plaintiff shall not prejudice his right to raise, on appeal by the defendant, his right to have the verdict reinstated in its full amount.”
In Shiloh Construction Co., Inc. v. Mercury Construction Corp., 392 So.2d 809, 814 (Ala.1981), our supreme court wrote:
“Only where the verdict is the result of bias, prejudice, corruption, or other improper motive, is a court authorized to order a remittitur. B & M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala.1979).
“We are not unmindful of strong presumption of correctness indulged in favor of the trial court regarding its rulings on the motion for new trial. We are also aware of the rule that, if, after indulging all reasonable presumptions as to the correctness of the ruling granting a new trial, the ruling was erroneous because the evidence plainly and palpably supported the verdict, then, that ruling is due to be set aside. A review of the evidence in this case discloses that it plainly and palpably supports the verdict. See generally, Kennedy v. General Transport Company, Inc., 293 Ala. 455, 304 So.2d 896 (1975).

*1309 “Further, we find nothing in the record to show that verdict resulted from bias, prejudice, corruption, or other improper motive. Therefore, we are compelled to reverse the trial court’s order of a new trial improperly conditioned upon Shiloh’s failure to remit a portion of the damages.”
We note Chief Justice Torbert, joined by Justice Maddox, dissents in Shiloh Construction and applies a different analysis to the issue. Interested parties may wish to refer to the dissent.
In the instant case, evidence was presented at trial which would support the jury’s verdict and assessment of damages in the amount of $6,000. In fact, there was evidence which would support an award greatly in excess of $6,000. Because the amount awarded was supported by competent evidence, we cannot say improper motive existed. See Southeastern Machinery & Equipment Co., Inc. v. Tarpley, 398 So.2d 700 (Ala.Civ.App.1981). In the absence of any indication of bias or prejudice of the jury or other improper motive, the trial court is not authorized to substitute its judgment for that of the jury by ordering a remittitur. Southeastern Machinery & Equipment Co., Inc. v. Tarpley, supra.
We are aware that the trial court’s order did not state any grounds for granting the motion for a new trial. However, due to the posture of the case on appeal and the fact that defendant does not raise any argument that the motion could properly be granted on any other grounds, we have dealt with the issue on appeal as it is presented to this court by the plaintiffs and the defendant.
There being no evidence of bias or other improper motive and in view of the cases as indicated above, we have no alternative but to reverse.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.