154 So.2d 654

George W. GOODWIN et al.

v.

Roger B. HALL.

I Div. 932.

Supreme Court of Alabama.

April 4, 1963.

Rehearing Denied June 27, 1963.

Wilkins, Stephenson & Byrd, Mobile, for appellee.

Johnston & Johnston, Mobile, for appellants.

PER CURIAM.

This is an action which was brought by Roger B. Hall, appellee, against George W. Goodwin, N. H. Goodwin and S. F. McEachern, in the Circuit Court of Mobile County, Alabama, to recover money alleged to be due on open account from the defendants to the plaintiff for work and labor done.

The complaint consisted of the common counts which are in Code form. The defendants filed their plea of the general issue and a plea in recoupment. On the trial of the cause, the claim advanced by the plea of recoupment was not contradicted

and the court instructed the jury that if they found for the plaintiff, the amount of $459.07, claimed in the plea of recoupment, should be allowed. There appears to be no point raised in the case with reference to the plea of recoupment or action of the court in regard thereto.

The case went to the jury who returned a verdict for the plaintiff in the sum of $4,623.39. Motion for a new trial was overruled, and this appeal followed.

As we understand the case, the three defendants owned a piece of property on Dauphin Island and they were desirous of building a motel thereon. The plaintiff was a contractor operating out of Bradenton, Florida, and was engaged in the construction of a motel on a lot adjacent to defendants' property.

According to the testimony of plaintiff, the defendants first contacted him relative to the building of a motel on Dauphin Island in the presence of an architect, Carlos B. Schoeppl, who had prepared and delivered to the plaintiff the plans to use in the construction of the motel. Plaintiff then prepared an estimate of the cost to construct such motel according to the plans that had been delivered to him, and informed the defendants of such estimate.

Subsequently, the plaintiff was informed by the defendants that the estimated costs exceeded their budget and requested that he modify the plans so as to reduce the cost of construction. The plaintiff then prepared a memorandum showing various items that could be dropped from the original estimate, for example, cutting down the size of the lobby, eliminating the coffee shop, the restaurant, the cocktail lounge, and the swimming pool. The plaintiff also suggested the use of tectum in the construction of the motel. A contract was then entered into whereby the plaintiff would construct the motel according to the revised plans and specifications, for which the defendants were to pay the plaintiff in installments, with a fixed fee of $5,000 to be paid to the plaintiff.

After the work started, union trouble developed, and the defendant, Goodwin, stated that he would take over the construction and operate it with the supervision of the plaintiff (Hall), with "Mr. Hall giving him a leading hand in the construction." According to the plaintiff, from that time forward, he acted in the capacity of a supervising contractor.

It is undisputed that the defendants built the motel, paying for the labor and materials.

The plaintiff, however, claimed that the written contract had been modified by a subsequent oral agreement whereby he was to supervise the construction of the motel. Upon completion of the motel by defendants, when the plaintiff presented his bill to the defendants for working in a supervisory capacity, the defendants refused payment, and denied any modification of the contract and any liability to the plaintiff for work done in a supervisory capacity. This suit is brought on the common counts for work done by the plaintiff in a supervisory capacity.

It is established in Alabama that after parties enter into a written contract, they may, by mutual consent, modify the contract by subsequent oral agreement, when the original contract was not required by law to be in writing. Badders & Britt v. Davis, 88 Ala. 367, 6 So. 834.

This court has held that a party who has performed services under a special contract which services are voluntarily accepted by the other party thereto, or when the special contract is modified by the mutual consent of the parties, suit may be maintained under the common counts for work and labor done, and in support of his claim, the plaintiff can introduce in evidence the special contract, as tending to show the character and value of his services.

In a similar situation, it was held by by this court in Woodrow v. Hawving, 105 Ala. 240, 16 So. 720, as follows:

"Although a party may perform services under a special agreement, when the contract has been completed on one side, and nothing remains to be done but the payment of money, the party may maintain an action under the common counts, and introduce, in support of the complaint, evidence of a special contract of employment, as tending to show the character of the services rendered, the length of time, and also the value of the services; * * *"

We think there is testimony in the record tending to show modification of the original contract and the reasonable value of services rendered by the plaintiff under the modified contract.

To sum up the situation, the plaintiff's basis of recovery appears to be the value of his services rendered as a supervisory contractor and not as a contractor to build the motel and furnish labor and materials. On the other hand, the defendants contend that they took over construction of the motel, furnished all the labor and materials, built the motel, and that the plaintiff is not entitled to recover for services as a supervisory contractor because there was no modified contract and no supervisory services rendered by the plaintiff.

The court in its oral charge, among other things, said:

"* * * There has been introduced into evidence a written contract, what we call express contract. The defense contends that the parties, if they were operating at all, were operating under the express contract. The defense contends that the express contract was not complied with. That all is a question for the Jury.

"The plaintiff contends that there was an express contract and it was introduced in evidence. The plaintiff contends that the express contract was either abandoned or modified. Whether it was or not is a question for the jury. Whether or not the express contract was the contract that the parties

were operating under is a question for you, the Jury, to decide. Whether or not it was modified is a question for you, the Jury.

"Now, the law is, as the Court sees it, that this type express contract under the law originally did not have to be in writing, and the Court is of the opinion that since the express contract did not have to be in writing originally, that it could be and can be modified or abandoned by mutual consent of both parties and can be done so orally. Whether it was or not is a question for the Jury. * * *"

■ Citing Hardaway-Wright Co. v. Bradley Bros., 163 Ala. 596, 51 So. 21, the defendants contend that whether or not a contract is modified is a question of law for the court and not for the jury. We see no need to enter into a discussion of this feature of the case, because there were no exceptions to the oral charge. Dudley Brothers Lumber Co. v. Long Plumbing & Electric Co., 268 Ala. 565, 109 So.2d 684; Woodward Iron Co. v. Stringfellow, 271 Ala. 596, 126 So.2d 96.

As we have stated, the jury returned a verdict for the plaintiff. There was a motion for a new trial which the court overruled.

■ We have often stated the effect of the action of the court in overruling a motion for a new trial; that is, that where the trial judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Smith v. Smith, 254 Ala. 404, 48 So.2d 546.

■ We should note that there was no error in refusing to give Charges 5, 6, 7 and 8, which will appear in the report of the case. Since these charges ignore the question of modification of the contract, there was no error in refusing to give them. As we have pointed out, if the services rendered by the plaintiff were of value to the defendants and voluntarily accepted by the defendants, the defendants

would be liable under the theory of quantum meruit.

In Andrews, Allen & Moorefield v. Tucker, 127 Ala. 602, 29 So. 34, this court said:

" * * * The refused charges numbered 1, 2, 3, 4, 9, 10, and 11 would have withdrawn from the jury the question of the defendants' liability upon the contract as modified, if there was a modification, or upon the quantum meruit by reason of acceptance of the work, if there was such acceptance; which questions the jury was, in view of the evidence bound to consider."

It results from what we have said that the judgment of the lower court must be affirmed.

The foregoing opinion was prepared by STAKELY, Supernumerary Justice of this Court, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.