John J. Dillon, J.
The defendant David Dubinsky, as president of the International Ladies’ Garment Workers’ Union, an unincorporated association, has made this motion to dismiss the complaint as against him on the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges that the defendant Thomas Bradley, while an employee and agent of the unincorporated association and while he “ was acting in the scope of such employment and agency,” trespassed and destroyed certain trees upon property owned by the plaintiffs.
The complaint contains two causes of action, one on behalf of the owners of each of two parcels of property, each alleging damages in the amount of $1,000, with a demand for treble damages under section 534 of the Real Property Law.
Under section 13 of the General Associations Law an action against an association may be maintained by naming the president or treasurer as a party defendant. Prior to the enactment of express legislation on this subject, it was necessary to name all of the members of the association as party defendants and *1065 no action could be maintained against an association through one of its officers (Van Aernam v. Bleistein, 102 N. Y. 355, 358). In Martin v. Curran (303 N. Y. 276), the court in an opinion by Desmond, now Chief J., at page 281, stated that: “ The liability to be enforced in any such suit, in which association officers are named as representative defendants, is still that of the individual members as individuals, and so the cause of action has to be one ‘ for or upon which the plaintiff may maintain such an action * * * against all the associates, by reason of their * * * liability therefor, either jointly or severally ’ (General Associations Law, § 13).” In that case the plaintiff sought to recover damages against a labor union on the ground that its newspaper had published a libel against him. The court dismissed the complaint because of its failure to allege ‘ ‘ that the union members themselves authorized or ratified the particular libels.”
The complaint in the present action does not allege that the individual members of the association either authorized or ratified the specific acts complained of. In Torres v. Lacey (5 Misc 2d 11, mod. on other grounds 3 A D 2d 998, motion for reargument denied 4 A D 2d 831), the plaintiff instituted a negligence action in which the president of a labor union was named as a defendant, and the defendant asserted that under section 13 of the General Associations Law it was necessary even in negligence actions to allege that all of the members of the association had either ratified, consented to or authorized the wrongful act. The court rejected that argument and stated at page 13 that “ The liability of a voluntary unincorporated association for the commission or omission of an unintentional wrong by its agent is solely governed by the general rules of agency. * * 0 For section 13 of the General Associations Law to be meaningful in this case, the test of sufficiency rests upon the inclusion of an allegation showing that the unintentional act of the defendant’s agent occurred in the course of performing an essential activity of the association and in furtherance of the existence of it, which is capable, on principles of agency, of binding all of its members. ’ ’ (Emphasis added.)
On a motion such as this every material allegation contained in the complaint and the most favorable inferences which can be drawn therefrom must be deemed to be true (Lamb v. Cheney & Son, 227 N. Y. 418; Locke v. Pembroke, 280 N. Y. 430). However, the complaint in this case is fatally defective due to the fact that it does not allege “ that the unintentional act of the defendant’s agent occurred in the course of performing an essential activity of the association and in furtherance of the existence of it”. Moreover, as is stated in Grein v. Yohon (103 Misc. 378, affd. *1066 187 App. Div. 970), at page 385: “ Negligence is an unintentional breach of a legal duty causing damage reasonably foreseeable without which breach the damage would not have occurred. If the act is intentional it ceases to be a negligent act and becomes an unlawful one falling under some other branch of the law of torts creating a liability.” On the other hand, in Phillips v. Sun Oil Co. (307 N. Y. 328), the court at page 331 stated: 11 Trespass is an intentional harm at least to this extent: while the trespasser, to be liable, need not intend or expect the damaging consequence of his intrusion, he must intend the- act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness”.
The court can only conclude that in the absence of authorization or ratification by all of its members, an association can only be held liable for the unintentional act of an agent or employee and cannot be held to account for the intentional act of an agent which results in a trespass. Accordingly, the motion to dismiss the complaint as against David Dubinsky as president of the unincorporated association, is granted.