242 So.2d 682

### UNIVERSAL C. I. T. CREDIT CORPORATION

v.

### Horace WEEKS.

### 4 Div. 19.

Court of Civil Appeals of Alabama.

Dec. 23, 1970.

Williamson & Taber, Greenville, for appellant.

**374**

W. H. Baldwin, Andalusia, for appellee.

WRIGHT, Judge.

On February 4, 1966, Douglas G. Williams purchased an automobile from Turner Motor Company in Selma, Dallas County, Alabama. Williams resided in Dallas County. At the time of sale, Williams executed an instrument titled "Alabama Conditional Sale Contract", to Turner Motor Company, which contract was assigned to plaintiff below, and appellant here.

By a provision of the instrument, title was retained to the automobile by the seller or assigns until payment of the time balance thereon. Other material provisions were (a) that the car shall be at the customer's risk (b) that the car would not be sold, or encumbered (c) time is of the essence and if default on payment the full balance may be declared due and payable (d) holder may, without notice, demand, or legal process, enter any premises where car may be found and peaceably take possession and retain all payments (e) car may be sold and after sale any unpaid balance to be paid by customer.

. The first payment was due March 10, 1966, and monthly thereafter until time balance of $4094.70 was paid.

The instrument was recorded in the Dallas County Probate office on February 9, 1966.

Payments were made to plaintiff-appellant beginning March 10, 1966, and continued until April 1967.

The undisputed evidence is that the automobile remained in Dallas County until August 18, 1966, on which date Williams sold it to appellee in Opp, Covington County, Alabama. Appellant did not learn of the sale to appellee until Williams stopped making payments in April, 1967. It then later located the automobile in appellee's possession.

Whether demand was made for the automobile by appellant is in dispute. Suit for conversion was filed by appellant against appellee on December 6, 1968, in the Circuit Court of Covington County, Alabama.

Answer to the complaint was filed by appellee, by which he pleaded the general issue and that he was a bona fide purchaser for value without notice.

Trial was held December 1, 1969, and jury verdict returned in favor of defendant-appellee. Judgment was entered thereon. Motion for new trial was filed by appellant and denied by the court on February 2, 1970. This appeal followed.

■ Assignment of error argued in brief consists largely of the refusal of the trial court to give to the jury plaintiff's written requested charges 1 and 2. The denial of the motion for new trial is argued by adoption of arguments of assignments 1 and 2. Assignment of error 3 is directed to a portion of the court's oral charge which stated that the jury must find from the evidence that plaintiff had made demand of defendant for the automobile prior to suit before there could be a verdict for plaintiff. This assignment is not for our consideration, as appellant took no exception to the court's oral charge at the

time it was given, and thus failed to make such available for assignment as error on appeal. Prince v. Bryant, 274 Ala. 134, 145 So.2d 837; Goodwin v. Hall, 275 Ala. 297, 154 So.2d 654.

Appellant's written charges Numbers 1 and 2, refused by the court, were the affirmative charge with hypothesis and the general affirmative charge, respectively, as to appellant's right to recover, with direction that damages should be awarded as determined by the jury from the evidence, but in no event more than the amount sued for.

■ Our examination of the evidence convinces us that it is without conflict that there was a conversion of appellant's property by appellee on the date of his purchase of the automobile from Williams—to-wit, August 18, 1966, the date charged in the complaint. The evidence further is without dispute that the automobile came into appellee's possession wrongfully, in the eyes of the law, and such wrongful assumption of possession or dominion over personal property of another does not require that a demand for return or surrender thereof be made in order that the rightful owner recover in a suit for conversion.

We will first show that in the purchase of the automobile appellee, by his own testimony, was not a bona fide purchaser for value without notice as alleged in his plea 2.

Appellant contends in brief that the instrument titled a "Conditional Sale Contract" is in fact, by its terms a chattel mortgage. We are inclined to agree with appellant.

■ The Supreme Court in the case of Bern v. Rosen, 259 Ala. 292, 66 So.2d 711, stated the Alabama rule to be that regardless of the title given an instrument its provisions must determine its judicial construction. If it contains a provision for payment of a deficiency in the event of repossession and sale, such instrument is one for retention of title for security only, and is deemed in effect a chattel mortgage. 47 Am.Jur. 38, Section 845, General Motors Acceptance Corp. v. Crumpton, 220 Ala. 297, 124 So. 870, 65 A.L.R. 1313.

Though we agree that by its terms, the contract involved herein is in effect a chattel mortgage, we do not think such to be material or necessary to this decision.

■ Either of the recording statutes, Title 47, Section 123, or Section 131, would be sufficiently applicable to negate appellee's contention that he was a purchaser without notice.

The contract was duly recorded in Dallas County on February 9, 1966. The vehicle was sold to Williams and he resided in Dallas County. The vehicle remained in that county until sold to appellee on August 18, 1966. At the time of such sale, title was in appellant and there was an unpaid balance on the contract. The contract gave to appellant the right to immediate possession in the event of sale by Williams. In fact, Williams was forbidden to sell the automobile.

Appellee had constructive notice under the recording statutes of all these encumbrances and thus he could not be a purchaser without notice.

Williams, having no title, could not convey title to appellee. Title 57, Section 29, 1940 Code of Alabama. McRae v. Bandy, 270 Ala. 12, 115 So.2d 479.

"The wrongful assumption or dominion over property of another in subversion and denial of his rights constitutes a conversion of such property irrespective of whether there was a demand made for the surrender and a refusal to surrender said property." McRae v. Bandy, supra; Meador v. Evans, 188 Ala. 229, 66 So. 446.

Thus, since appellee not only did not obtain title by his purchase, he also purchased with notice of such fact, and his possession, as against appellant, was wrongful from its inception. There was a wrongful conversion of appellant's proper-

**376**

ty as of August 18, 1966, and a demand for surrender by appellant was unnecessary.

Appellee argues there was an absence of proof that the appellant was the owner of the contract at the time of the sale to appellee. We disagree with this contention. The assignment was a part of the instrument as recorded on February 9, 1966. Williams made all payments on the contract to appellant, beginning with March 10, 1966. There was no question of appellant being the owner of the contract raised during the trial and no such issue was presented to the jury.

It is further the argument of appellee that since there was no default in payments until April 1967, that the assumption of possession by appellee after the sale was not wrongful and there could be only conversion by wrongful detention after default in payments. This argument has no merit. The conversion was complete when Williams delivered possession to appellee wrongfully in violation of the terms of the contract and appellee assumed such possession with notice of a recorded title retention instrument. Appellee could not have received rightful possession when Williams had no right to deliver it.

■■ It is well established that it constitutes a conversion to receive property from one who has no right to part with, or dispose of, such property, and thereafter to exercise dominion over it. It is the general rule that lack of knowledge of owner's rights or good faith of defendant has no effect. It is only when it is the duty of the owner to give notice, either actual or constructive, that the general rule does not apply. Moore v. Stephens, 31 Ala.App. 446, 18 So.2d 577 (cert. denied), 245 Ala. 656, 18 So.2d 578; 89 C.J.S. Trover and Conversion §§ 8 and 45(b).

The trial court in its oral charge stated to the jury as follows:

"* * * There is no doubt under the facts of this case but what the plaintiff would have been entitled to file a detinue suit and repossess the automo-

bile. But they chose not to do that, and they are suing this defendant for converting this automobile to his own use and depriving the plaintiff of the use of it * * * *"

We agree with the first portion of this charge. All the requirements for recovery in detinue were shown without conflict and appellant would have been entitled to the affirmative charge. The same proof also entitles appellant to the affirmative charge in his suit for conversion. The fact that he chose to seek damages for conversion rather than recovery in specie makes no difference in the instant case.

It is clear that the trial court considered that a demand was necessary for appellant to prevail, and the jury was so instructed. This was not a proper instruction under the undisputed evidence. As previously pointed out, there was no objection to such oral charge, and we do not reverse on that basis.

We are convinced that under the evidence the appellant was entitled to have given its requested written Charge 2. The evidence was without conflict that as of August 18, 1966, plaintiff had title to the automobile; that appellee had constructive notice of such title; that appellant had immediate right to possession in event of sale, that appellee wrongfully assumed possession and dominion over the property, inconsistent and destructive of appellant's title. Thus, all elements of conversion were shown and appellant was entitled to recover. The amount of recovery was for the jury. Greer v. Carl Johnson Motor Co., 269 Ala. 617, 114 So.2d 907; Cameron v. McNelley, 38 Ala.App. 634, 91 So.2d 514.

Considering the evidence in a light most favorable to defendant-appellee, there is not a gleam, glimmer or scintilla to be reasonably inferred therefrom that is adverse to appellant's right to recover. Under such circumstances the general affirmative charge was due to be given when properly requested by appellant. Alabama Power

Co. v. Guy, 281 Ala. 583, 206 So.2d 594. The judgment of the court is reversed and the cause remanded for submission to a jury for determination of damages due appellant from appellee.

Reversed and remanded.