This is an appeal by defendant from a verdict and judgment against him and from the denial of a motion for new trial. We affirm.
Defendant presents three issues on appeal. The first is, in fact, not one but two. Defendant contends error in the admission by the court of testimony concerning a city ordinance and its violation. He further contends error in the giving of written charges relating to the ordinance.
We will dispose quickly of the first issue, whether in reality one or two. Disposition is founded upon failure to either claim or save the charged error. The record discloses that the text of the ordinance came into evidence during cross-examination of a witness by defendant himself. No objection was presented. It is unavailable as error on appeal. Rule 46, ARCP. We further find no objection in the record to the court's charge, either written or oral. A failure to comply with Rule 51, ARCP presents nothing for review on appeal.
The second issue relates to the denial of a motion for new trial. A ground of the motion for new trial was that a witness and party, who had confessed judgment and suffered a default against himself prior to trial, had testified falsely at the trial. An affidavit from the witness was attached. That affidavit said that the witness misunderstood questions posed to him during his testimony and that the answers he had given concerning the actions and statements made to him by the defendant were untrue. *Page 1325 
It is readily discernible from the record why the court refused a new trial. Upon direct and cross-examination during the trial and in a pre-trial deposition, the witness had the questions, which he claims now to have misunderstood, posed to him in clear and certain language. The answers to the questions were equally clear. They supplied evidence against defendant in support of the charge of negligence. The trial court saw and heard the witness testify. The refusal of the court to accept the recantation of the witness on motion for new trial is within the discretion of the court. It is only in extraordinary cases that newly discovered evidence in the form of a recantation of testimony by a witness will be allowed as grounds for a new trial. Wallace v. State, 41 Ala. App. 65,124 So.2d 110, cert. denied, 271 Ala. 701, 124 So.2d 115 (1960). This is not such a case. The refusal of the motion for new trial strengthens the presumption of correctness of the verdict. Goodwin v. Hall, 275 Ala. 297, 154 So.2d 654 (1963).
The third issue presented is that the verdict is contrary to the great weight of the evidence. Examination fails to reveal that issue as a ground of the motion for new trial. Failure to make such ground in the motion for new trial prevents a ruling thereon by the trial court and the claiming of error on appeal.Porter v. Alabama Farm Bureau Mut. Cas. Ins. Co., 279 Ala. 499,187 So.2d 254 (1966); Horn v. Smith, 292 Ala. 503,296 So.2d 719 (1974).
The judgment below is affirmed.
BRADLEY and HOLMES, JJ., concur.