EDWARD N. SCRUGGS, Retired Circuit Judge.
The plaintiff sued Clopton for the conversion of her automobile, and Clopton’s counterclaim sought a judgment against the plaintiff for repairs which he made to the plaintiffs vehicle. After an ore tenus non-jury trial, a judgment was entered in favor of Clopton for $587.45, with a provision that Clopton return the vehicle to the plaintiff upon her payment of the judgment. The plaintiff timely appealed after her motion to reconsider was overruled by the trial court.
The following statement of the evidence was settled and approved by the trial court pursuant to Rule 10(d), A.R.A.P.:
“1. The Plaintiff and Defendant, Norman Clopton (“Clopton”), met, by chance, in the parking lot of an auto parts store and Plaintiff told Clopton that she was having trouble with her car. Clopton, an auto mechanic, agreed to check Plaintiff’s car and Plaintiff followed him to his garage (Slim’s Auto).
“2. Clopton ran a compression check on Plaintiff’s car and steam came out of the tail pipe. Clopton told Plaintiff her problem could be one of three things, but that he could not know for sure unless he tore the motor down. Plaintiff asked how much it would cost to fix the car and Clopton told her he would not know that until after he had the engine taken apart. Plaintiff signed a work order and agreed for Clopton to take the engine apart. Plaintiff left the car with Clopton. In a later conversation Clopton told Plaintiff that there were two cracks in the heads plus various other problems with the valves and seals. Clopton estimated it would cost $642.33 to fix the car but that it could be higher. Plaintiff said she did not want to pay that much. Clopton said he would see about getting used or reworked parts. At that point it is clear from the evidence that the Plaintiff thought she would hear from Clopton again before he fixed the car and Clopton thought he could go ahead and fix it if he could get reworked parts.
“3. Clopton proceeded to acquire the reworked parts for Plaintiff’s car and began to repair it. Plaintiff called the garage and talked to Clopton’s girl friend about the cost of repairs. The girl friend gave plaintiff the original quote of $642.33 and Plaintiff said she did not want to pay that amount and that Clop-ton should just put the car back together. Plaintiff offered to pay Clopton $50.00 total for his work. Since Clopton already had the reworked parts and no longer had the old parts, those of any value being used as trade-in on the reworked parts, he proceeded to put the car back together with the reworked parts. The Court finds that Clopton could not have put the car back together at that point without the use of the reworked parts and that the Plaintiff did specifically ask that her car be put back together.
*94 “4. After the dispute over payment arose, Clopton refused to let the Plaintiff have the car unless she paid for it. Clop-ton claimed a storage charge of $345.00.
“5. The Court awarded a judgment in Clopton’s favor of $587.45 which represented the $389.45 cost of parts used plus $198.00 labor. The Court did not include any storage charges in its award.”
When a party totally or substantially completes the duties required of him under an agreement and nothing remains to be done by either party but the payment of money, the performing party may maintain an action under the common counts. Woodrow v. Hawving, 105 Ala. 240, 16 So. 720 (1894), which was quoted with approval in Goodwin v. Hall, 275 Ala. 297, 154 So.2d 654 (1963). If the trial court was reasonably satisfied from the evidence that the plaintiff was indebted to Clopton for the services which he rendered, the trial court then had the duty of ascertaining the reasonable value thereof. Alabama Pattern Jury Instructions-Civil, 40.52 (1984 Cum. Supp.).
The trial court’s factual findings indicate that the plaintiff specifically requested that Clopton reassemble her car and that Clopton did so with the reworked parts, which was the only method whereby he could then comply with the plaintiff’s request. The trial court could have ascertained that the parties had entered into an agreement that Clopton would reassemble the plaintiff’s automobile; that he did so, thereby completing the agreement except for the payment therefor by the plaintiff; that they had no agreement as to the amount; and that the reasonable value of his services totaled $587.45.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.