The plaintiff, Bernice Wilder, appeals from a summary judgment for the defendant. The appeal relates to count 2, which charged the defendant with wrongfully taking her automobile and certain personal property in it. No issue with respect to that portion of the judgment pertaining to count 1 is presented by this appeal.
The pertinent facts are as follows: Wilder, who lives and works in Columbus, Georgia, visited an automobile dealership operated by the defendant, Charles Bell Pontiac-Buick, Cadillac-GMC, Inc. ("Charles Bell"), in Tuskegee, Alabama, as a prospective buyer of a new car. During the first meeting between Wilder and Mr. Jackson, an employee of Charles Bell, Wilder told Jackson that she would think about buying a new car from Charles Bell.
Both parties agree that there were later telephone conversations between them, but they disagree with respect to the content of those conversations. Several days after the first meeting between Wilder and Jackson, Jackson drove a new Cadillac automobile to Wilder's place of business in Columbus. Wilder's automobile (a 1984 Chrysler), which was being repaired and was in the custody of a repair shop, was picked up and taken to Tuskegee at Jackson's direction. Wilder's car was then sold to a dealership in Montgomery.
Charles Bell contends that Wilder consented to the taking of her automobile pursuant to an agreement that the Chrysler would serve as a "trade-in" on the new Cadillac. Wilder, however, denies giving such consent and further asserts that her car, and personal belongings in the car (clothing, business papers, medicine, and a hydraulic jack) were wrongfully taken by Charles Bell.
To maintain an action for conversion, a plaintiff must establish that the defendant converted specific personal property to his own use and beneficial enjoyment, or that the defendant destroyed or exercised dominion over property to which, at the time of the conversion, the plaintiff had a general or specific title and of which the plaintiff was in actual possession or to which he was entitled to immediate possession. A.C. Rent-A-Car, Inc. v. American Nat'l Bank Trust Co. of Mobile, 339 F. Supp. 506 (D.C.Ala. 1972), aff'd,477 F.2d 564 (1973). See, also, Yarbrough v. Williams,533 So.2d 565 (Ala. 1988); Allstate Enterprises, Inc. v. Alexander,484 So.2d 375 (Ala. 1985); and Ott v. Fox, 362 So.2d 836 (Ala. 1978).
Further, "it is well established that it constitutes a conversion to receive property from one who has no right to part with, or dispose of, such property, and thereafter to exercise dominion over it." Universal C.I.T. Credit Corp. v.Weeks, 46 Ala. App. 372, 376, 242 So.2d 682, 685 (1970). *Page 207 
The propriety of granting a motion for summary judgment is determined by the standard set forth in Rule 56(c), A.R.Civ.P.:
 "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
The burdens placed upon the parties by Rule 56 have often been discussed by this Court:
 "The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact."
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989); and see the cases cited therein.
Once a party has moved for summary judgment and, with his motion, has presented evidence that, if uncontested, will entitle him to a judgment as a matter of law, the non-movant, in his response to the motion, must, as provided by Rule 56, set forth specific evidence that would present a genuine issue of material fact for consideration by the jury. Walker v.Southeast Alabama Medical Center, 541 So.2d 464 (Ala. 1989).
Charles Bell argues that Wilder is not entitled to recover for conversion because she knowingly traded in her car for the Cadillac and, therefore, did not and does not have a special or general title to the property, which title is necessary to maintain an action for conversion. Wilder admits that she signed two papers (or perhaps signed a single paper in two places), one of which papers or signature may have been necessary for Charles Bell to take title to her Chrysler. She contends, however, that Charles Bell's argument overlooks the element of timing as the key to the transactions between the two of them.
Wilder, in her deposition and in her affidavit, stated that, as of the date that her car was taken from the repair shop and the new car was delivered to her, she had not consented to Charles Bell's taking her Chrysler and had not agreed to buy the new Cadillac. Wilder stated that she told Jackson that if she decided to buy the Cadillac she would come to Tuskegee on the Wednesday after they had talked; however, she said, upon her return to her office that Wednesday, Jackson was there with the new Cadillac. Wilder stated that she told Jackson, "I told you if I want the Cadillac, I will come over there and get it Wednesday," and that Jackson replied, "You don't have to Ms. Wilder. We brought it over here to you."
According to Wilder, it was during this conversation that Jackson told Wilder that her Chrysler was going to be sold to a man in Montgomery and that it was, at that moment, being taken to Tuskegee. Further, says Wilder, Jackson told her that she needed to sign in two places to release title to her Chrysler, to which Wilder says she then stated, "Well, since my car's almost gone — you know, Tuskegee — Well, I guess I'll go ahead on and get it. . . . But I told you I'll be over there." Wilder contends that, under all the attending circumstances, she was left with no choice but to agree to Jackson's terms of the sale.
Contrary to Wilder's deposition testimony, Jackson, in his deposition, stated that before he took the Cadillac to Wilder and had her car picked up, Wilder had agreed to the transaction.
For summary judgment to be proper, there must be no genuine issue as to any material fact. The movant, in relying upon the depositions and pleadings, must set out facts that, if uncontested, would entitle him to judgment as a matter of law. The movant, Charles Bells, met this burden in the instant case; the non-movant, Wilder, then controverted those facts, relying upon depositions and her affidavit.
Clearly, a genuine issue of material fact does exist. The jury could reasonably infer that Charles Bell intentionally created a set of circumstances that stripped Wilder of *Page 208 
her free will and choice with respect to relinquishing title to her old car and that the taking of her car, under such circumstances and before an agreement was reached for her purchase of the new car, amounted to proof of each of the necessary elements of conversion. Summary judgment, then, was improperly entered as to Wilder's claim for conversion.
The summary judgment in favor of Charles Bell on Wilder's claim for conversion, therefore, is due to be, and it is hereby, reversed, and the cause is remanded for trial on the issue of conversion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.