Christopher Rothman and his father, Michael J. Rothman, brought this action against the Gamma Alpha Chapter of Pi Kappa Alpha Fraternity ("Gamma") and two individual members of Gamma, Jason Curry and Scott Byler. The complaint arose from an altercation that took place between Christopher and members of Gamma; it alleged assault and battery, conspiracy, outrage, and negligent conduct. The trial court entered a summary judgment in favor of Gamma and made the judgment final pursuant to Rule 54(b), A.R.Civ.P. The Rothmans appeal.
Christopher was a member of the Delta Tau Delta fraternity ("Delta") at the University of Alabama, and Curry and Byler were members of Gamma, also at the University of Alabama. In the early morning hours of February 19, 1989, a fight occurred between several members of Delta, including Christopher, and several members of Gamma. It is unclear from the record exactly how many members of each fraternity were present, but it appears that there were somewhere around 2 to 5 members of Delta and 10 to 15 members of Gamma. The fight occurred on the premises of the Delta fraternity. As a result of the fight, Christopher received injuries to his jaw. The Interfraternity Council and the University placed Gamma on social probation as a result of the fight. Three criminal charges were brought against Curry and Byler, but two of those charges were dismissed and both men were given youthful offender status on the remaining charge. Neither Curry nor Byler was disciplined by Gamma.
The Rothmans raise only one issue: Did they present substantial evidence that Curry and Byler were acting as agents or representatives of, or on behalf of, Gamma at the time of the fight? If so, then they presented substantial evidence to support a finding that Gamma was liable for the intentional torts of two of its members and the summary judgment for Gamma was improper.
A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court will view the evidence in the light most favorable to the nonmovant and will resolve all reasonable doubts against the movant.Fincher v. Robinson Brothers Lincoln-Mercury, Inc.,583 So.2d 256 (Ala. 1991). Because this action was filed after June 11, 1987, the "substantial evidence" rule is the applicable standard of review. § 12-21-12, Ala. Code 1975. Substantial evidence is "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). In opposition to a motion for summary judgment, the nonmovant must produce substantial evidence to create a genuine issue of material fact. Ala. Code 1975, § 12-21-12.
Gamma is an unincorporated association and, as such, "[i]t may be liable in tort for the wrongful acts of its members when acting collectively in the prosecution of the business for which it is organized, and it is responsible for torts of its members or employees when encouraged in them, or if ratified thereafter." 7 C.J.S. Associations § 38 (1980). However, in the absence of authorization or ratification by its members, an association is not liable for intentional torts by a member or members. Id. See Ala. Code 1975, § 6-7-81; Edwards v. NationalSpeleological Soc., Inc., *Page 11 502 So.2d 337 (Ala. 1987); Hall v. Booth, 423 So.2d 184 (Ala. 1982). See also NAACP v. Claiborne Hardware Co., 458 U.S. 886,102 S.Ct. 3409, 73 L.Ed.2d 1215 (1982) (association such as the NAACP held not liable for the violent acts of its members, absent ratification or authorization); Wallace v. Weiss,82 Misc.2d 1053, 372 N.Y.S.2d 416 (N.Y. Sup. Ct. 1975) (student organization held not responsible for a libelous publication unless members have authorized or ratified the libel); Kirby v.Dubinsky, 39 Misc.2d 1064, 242 N.Y.S.2d 543 (N.Y. Sup. Ct. 1963).
 "Where it is sought to charge an association with liability for the wrongful or tortious acts of a person, the rule is that such liability cannot be asserted where such person is not under the control of the association, or subject at the very time to its right to control his acts. Nor is the association, any more than a corporation, liable for a tort committed outside the course of its business or affairs, in the absence of a subsequent ratification."
6 Am.Jur.2d Associations and Clubs § 48 (1963).
An Indiana appeals court has held:
 "College students and fraternity members are not children. Save for very few legal exceptions, they are adult citizens, ready, able, and willing to be responsible for their own actions. Colleges and fraternities are not expected to assume a role anything akin to in loco parentis or a general insurer."
Campbell v. Board of Trustees, 495 N.E.2d 227, 232 (Ind.App. 1986). See also Alumni Ass'n v. Sullivan, 524 Pa. 356,572 A.2d 1209 (1990).
We conclude that the evidence, when considered most favorably to the Rothmans, does not support their position that Curry and Byler were agents of Gamma or that Gamma owed a duty to the Rothmans to control the conduct of its members. There was no evidence that Gamma encouraged, authorized, or subsequently ratified the actions of its members during the fight. The fact that Gamma did not individually punish Curry and Byler does not indicate that it ratified their conduct, that it had retained any right of control over their actions, or that Curry and Byler had been acting on behalf of the fraternity. Although fraternity members are inherently loyal to their fraternity, such a loyalty is not evidence of action on behalf of the fraternity.
Because the Rothmans failed to provide substantial evidence that Curry and Byler were agents of Gamma or that Gamma authorized or ratified their conduct, the summary judgment in favor of Gamma was proper. The judgment, therefore, is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.