ADAMS, Justice.
The plaintiff, Manning Service Company, appeals from a summary judgment entered in favor of the defendant, Community Blood & Plasma Corporation (“Community”) in a breach of contract action. We affirm.
After reviewing the motion for summary judgment, the briefs in support of or in opposition to the motion, and the attached affidavits, we are able to glean the following facts (viewing the evidence in the light most favorable to the nonmovant):
On January 25, 1991, Community Blood & Plasma Corporation entered into a contract with Dave Corporation for renovation work to be performed on Community’s offices. This renovation' work included the installation and modification of air conditioning equipment. Manning Service Company was contacted by Donna Shook, a Community official, and was asked to supply and install some of the air conditioning equipment. On September 11, 1991, Manning sued Community, alleging breach of contract and seeking to enforce a material-man’s lien against Community. The court entered a summary judgment for Community, and Manning appealed.
A summary judgment is proper upon a showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, we review the record in a light most favorable to the nonmovant, and resolve all reasonable doubts against the movant. Rothman v. Gamma Alpha Chapter of Pi Kappa Alpha Fraternity, 599 So.2d 9 (Ala.1992).
To rebut a properly supported summary judgment motion, the nonmovant must show, by “substantial evidence,” that there is a genuine issue of material fact for the factfinder to decide. Ala.Code 1975, § 12-21-12(d). Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989).
Manning argues, in essence, that the summary judgment was improper because, he says, based on an alleged course of dealing between Community and Manning, an implied contract existed between the two.
“Once a party has moved for [a] summary judgment and, with [its] motion, has presented evidence that, if uncontested, will entitle [it] to a judgment as a matter of law, the nonmovant, in [its] response to the motion, must ... set forth specific evidence that would present a genuine issue of material fact for consideration by the jury.”
Wilder v. Charles Bell Pontiac-Buick, Cadillac-GMC, Inc., 565 So.2d 205, 207 (Ala.1990). After reviewing the record, we determine that Manning failed to produce specific evidence, of a substantial nature, *1283 that would support its theory of an implied contract based on a course of dealing.
Based on Manning’s allegations that it had a contract with Community, Manning sought to enforce a materialman’s lien against Community in the amount of $18,-958. Because there was no substantial evidence of a contract between Manning and Community, and because Manning was not in the position of a general contractor in this case, the only lien available to Manning was an “unpaid balance lien.” Any person, other than the original contractor, may file notice and claim a lien on the unpaid balance the owner or proprietor owes to the original contractor. Ala.Code 1975, § 35-11-218. Certain steps are necessary for perfection of an unpaid balance lien:
“Every mechanic or materialman must properly comply with three essential steps before a lien can be perfected: (1) provide statutory notice to the owner; (2) file a verified statement of lien in the probate office of the county where the improvement is located; and (3) file suit to enforce the lien. Ala.Code 1975, § 35-11-210.”
Bailey Mortg. Co. v. Gobble-Fite Lumber Co., 565 So.2d 138, 141 (Ala.1990). There can be no claim for an unpaid balance because Community had paid Dave Corporation in full when Manning attempted to perfect a lien. Furthermore, Manning failed to give the notice mandated by Ala. Code 1975, § 35-11-210, which is necessary for perfection of a lien.
Viewing the evidence in a light most favorable to the nonmovant, Manning, we are constrained to hold that the trial court properly entered the summary judgment.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.