SAM A. BEATTY, Retired Justice.
Larry H. Hipsh sued Escambia Farm Equipment Company, alleging conversion of a 1974 John Deere Model 1530 farm tractor. The trial court entered a summary judgment for Escambia; Hipsh appealed. We reverse and remand.
The dispute arose after Escambia billed Hipsh for approximately $2,300 in repair work that Hipsh claimed he had not authorized. After several months of negotiations, Hipsh asked Escambia’s owner, B.L. Stall-worth, to consider purchasing the tractor or removing the new parts that had been installed. After representatives of Escambia indicated the company might be willing to purchase the tractor, Hipsh wrote to Escam-bia’s lawyer on March 20, 1992, to ask that Stallworth visit his hunting lodge to inspect and appraise the tractor.
On April 9, 1992, Hipsh entered into a contract whereby he agreed to sell the hunting lodge on which the tractor was located to Thomas C. Madden, subject to certain terms and conditions. Madden apparently began living on the property shortly thereafter. A list of items owned by Hipsh that were to be picked up at a later date was attached to the contract, but the tractor was not among the items listed. The sales contract contained only real property descriptions, however, and mentioned no items of personal property.
Thereafter, Stallworth went to the hunting lodge to inspect the tractor, as Hipsh had requested, and discovered that Madden, not Hipsh, was living there. According to Stall-worth, Madden showed him a copy of his contract with Hipsh and represented to Stall-worth that he had purchased both the real property and the tractor from Hipsh. Stall-worth subsequently purchased the tractor from Madden. The record contains a copy of a check from Escambia to Madden in the amount of $1,200 dated May 18, 1992, and signed by Stallworth. Madden also executed a bill of sale in which he represented that he had “every right according to law to dispose of [the tractor].”
Before purchasing the tractor, however, Stallworth, according to his affidavit, instructed his lawyer to write Hipsh “informing him of Mr. Madden’s claims to ownership of the tractor and its implements and to request clarification of Mr. Madden’s contentions.” The record contains a copy of a letter written by the lawyer to Hipsh dated May 15, 1992. That letter states, in pertinent part:
“Back on March 20, 1992, you wrote me concerning the fact that you and Mr. Stall-worth had agreed he needed to do an appraisal of the tractor and implements and go from there. Mr. Stallworth and/or his employees did go to Little River recently and found someone else was living there and apparently they had purchased this property and the tractor. Some resolution needs to be made of the balance that is owed and Mr. Stallworth felt if you had sold the tractor perhaps you could pay the balance owed of $2,633.44. The gentleman gave him your number and he attempted to call you to try to work something out but you apparently referred him to your lawyer....”
This letter was addressed to Hipsh at his business address in Baldwin, Florida, which is located near Jacksonville. Hipsh contends that he did not see the letter in May 1992, and that he first became aware of it after his lawyer had reviewed the contents of a file he kept regarding the tractor.
Hipsh returned to Alabama in December 1992, and upon returning, discovered that Madden had sold the tractor. By that time, Madden had abandoned Hipsh’s real property and had disappeared. Hipsh then filed this conversion action against Escambia. After the parties completed discovery, Escam-bia moved for a summary judgment, arguing that it was a good faith purchaser and that as of the date it purchased the tractor, Hipsh had failed to notify it that although Madden occupied Hipsh’s real property, Madden did not yet own it or the tractor. Hipsh opposed the motion for summary judgment, arguing that Escambia had purchased the tractor without a response from him to the letter of May 15 and, he said, before that letter even could have reached him in Florida. The trial court entered a summary judgment.
On appeal, Hipsh argues that the summary judgment was not appropriate. A *854 motion for summary judgment is properly granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Harvell v. Johnson, 598 So.2d 881, 882 (Ala.1992). The moving party bears the burden of demonstrating that there are no disputed material facts, and the evidence must be viewed in a light most favorable to the nonmoving party. Harvell, 598 So.2d at 882. In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence creating a genuine issue of material fact. § 12-21-12, Ala.Code 1975, Harvell, 598 So.2d at 882. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
It is well established in Alabama law that a conversion of property occurs when a party receives personal property from another who has no right to part with, or dispose of, such property, and thereafter exercises dominion over it. Universal C.I.T. Credit Corp. v. Weeks, 46 Ala.App. 372, 376, 242 So.2d 682, 685 (Ala.Civ.App.1970). As a general rule, it does not matter that the person receiving the property did not know of the owner’s rights or that such a person acted in good faith. Id. “It is only when it is the duty of the owner to give notice, either actual or constructive, that the general rule does not apply.” Id.
Escambia argues that the summary judgment was proper because, it argues, there is no substantial evidence that it was anything other than a good faith purchaser from Madden, who, it says, appeared to have the right to sell the tractor. If Madden did not own the tractor, however, Escambia’s claim that it bought the tractor in good faith is irrelevant. On that basis, summary judgment would be erroneous as a matter of law. Alternatively, Escambia argues that because Madden had possession of the tractor, together with a contract to purchase the land, Hipsh had the duty to notify Escambia that in fact he still owned the tractor. Hipsh argues that disputed issues remain regarding material facts in this case, and, therefore, that the trial court erred in entering the summary judgment. We agree.
We note that Escambia purchased the tractor on May 18, only three days after the date shown on the letter of inquiry to Hipsh. Although Escambia contends that it believed Madden to be the rightful owner of the tractor, Stallworth had doubts that were serious enough to prompt him to ask his lawyer to write to Hipsh to confirm whether he had sold the tractor to Madden. The May 15 letter creates a reasonable inference that Escambia was already on notice that Hipsh might still own the tractor. Without waiting for a reply to that letter, Stallworth wrote a check to Madden to pay for the tractor. In his affidavit in opposition to the summary judgment motion, Hipsh asserted that mail from Baldwin County typically took longer than three days to be delivered in the Jacksonville, Florida, area. Hipsh’s assertion, together with the timing of the tractor purchase, would allow a factfinder to infer that Stallworth purchased the tractor without giving Hipsh a chance to reply to the letter, or that Stallworth was not really interested in confirming whether Madden owned the tractor.
Furthermore, Madden’s purported ownership of the tractor is far from clear. The tractor is not mentioned in the contract between Madden and Hipsh, either in the list of items to be picked up by Hipsh or as part of the property to be conveyed to Madden. A review of the contract shows that Hipsh promised to sell certain real property to Madden upon the satisfaction of certain terms and conditions. A factfinder might interpret the contract terms to indicate that as of May 18, Madden did not yet own the property, much less the tractor. On the other hand, the fact that the tractor was not included in the list of items to be picked up by Hipsh creates an inference in Escambia’s favor.
Viewing the evidence in a light most favorable to Hipsh, we find that genuine issues of material fact remain unresolved in this case. The summary judgment was, therefore, inappropriate.
Escambia also argues that Hipsh’s claim should be barred by an estoppel. Generally, the question of estoppel is one which *855 should be resolved by the factfinder. Braswell Wood Co. v. Fussell, 474 So.2d 67, 74 (Ala.1985). Escambia argues that in certain cases, estoppel is a question of law for the court, citing Humphrey v. Boschung, 287 Ala. 600, 253 So.2d 769 (Ala.1971). The establishment of estoppel is a question of law for the court to resolve only if the facts are undisputed and only one reasonable inference can be drawn from the evidence. Humphrey, 287 Ala. at 608, 253 So.2d at 775. Because we have concluded that the facts are disputed and that more than one reasonable inference can be drawn therefrom, the summary judgment cannot be upheld on the theory of estoppel.
Accordingly, the summary judgment in favor of Escambia is reversed, and this cause is remanded for further proceedings.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the Judges concur.